**MARKS & KLEIN, LLC**
Justin M. Klein, Esq., NJ Bar No. 03631-2003
Mark I. Fishbein, Esq. NJ PHV 039903 (*pro hac vice forthcoming*)
331 Newman Springs Road
Bldg. 1, 4th Fl., Suite 143
Red Bank, New Jersey  07701
T: (732) 747-7100
F: (732) 784-2850
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| D.F. and D.F., on behalf of S.F., | |
| Plaintiffs, | Civil Action No.: 24-cv-369 |
| vs. | |
| FREEHOLD REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION, | **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |
| Defendant. | |

Plaintiffs, D.F. and D.F. ("Parents"), on behalf of S.F. ("Student"), by and through their attorneys, Marks & Klein, LLC, for their Complaint for Declaratory Judgment and Other Relief against Defendant, Freehold Regional High School District ("FRHSD" or "District") Board of Education ("Board"), state as follows:

### INTRODUCTION

1.      Student is a minor, born on July 26, 2006, and who is classified as eligible for special education and related services pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1401, *et. seq.* ("IDEA") and 34 C.F.R. §300.39, and for the provision of Special Education and Related Services under 20 U.S.C. §§1415 *et seq.* and New Jersey Administrative Code ("N.J.A.C.") §§6A:14-1.1, *et seq.*

2.      The parties were previously before the State of New Jersey Office of Administrative Law, Docket No. EDS-05376-22, Agency Ref. 2022-34408 and entered into a Settlement Agreement and General Release, on or about December 21, 2022, ("Settlement Agreement" or "Agreement", a true and correct copy of which is attached hereto as **Exhibit A**).

3.      That despite the Board's agreement in the Settlement Agreement to reimburse to Parents for payment of Student's tuition and related services, transportation, and travel expenses at Sunrise Therapeutic Boarding School for Girls in Washington, Utah ("Sunrise"), or at another approved or accredited out-of-district educational program, and also evaluations, the Board has disregarded and breached the Settlement Agreement by having steadfastly refused to reimburse Parents pursuant to the explicit terms of said Agreement.

4.      Student attended Sunrise for the 2022-2023 school year.  Beginning in April, 2023 and for the 2023-2024 school year, Student attended and is currently attending the accredited Marvelwood School in Kent, Connecticut ("Marvelwood").

5.      Plaintiffs have fully exhausted all available administrative remedies, having submitted a request for enforcement of the Settlement Agreement to the New Jersey Department of Education, Office of Special Education ("OSE"), which OSE denied.

6.      As a direct result of the Board's willful breach of the Settlement Agreement, namely the agreed reimbursement payments, Plaintiffs have been damaged and now respectfully seek a declaration that Student's education at Sunrise and at Marvelwood is "special education" as defined by federal law and as set forth in the IDEA, 34 CFR §300.39 and that the Board is obligated to reimburse Parents for all amounts submitted.  This is an action for: (a) declaratory judgment pursuant to 28 U.S.C. §§2201, et seq.; (b) breach of the Settlement Agreement; (c) breach of the

implied covenant of good faith and fair dealing; and, (d) violation of the Americans with Disabilities Act, 42 U.S.C. §§12101, *et seq*. ("ADA").

**PARTIES**

7.    Plaintiffs are individual residents of Marlboro, New Jersey, within the District.

8.    Student's district of residence is the Freehold Regional High School District.

9.    Board is a local education agency pursuant to 20 U.S.C. §1401(8), located at 11 Pine Street, Englishtown, New Jersey, and responsible for providing a free appropriate public education ("FAPE") to students with disabilities residing within the District.

**JURISDICTION AND VENUE**

10.    Following the OSE's denial of Plaintiffs request to enforce the Settlement Agreement, OSE directed Plaintiffs that they could seek enforcement of the Settlement Agreement in a Court of appropriate jurisdiction.  (A true and correct copy of the April 24, 2023 OSE denial letter is attached hereto as **Exhibit B**).

11.    This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, in that this action arises under the Constitution and laws of the United States, including the IDEA, and the ADA, 42 U.S.C. §§12101, *et seq*..  This Court also has subject matter jurisdiction over this matter under 28 U.S.C. §2201 in that this is a proceeding for declaratory judgment.  This action presents an actual controversy within the Court's jurisdiction.

12.    This Court also has supplemental jurisdiction over this matter pursuant to 28 U.S.C. §1367 insofar as it has original jurisdiction, and that all other claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue is proper pursuant to 28 U.S.C. §1391(b) insofar as the parties entered into the Settlement Agreement which contemplates performance in this judicial district such that all or a substantial part of events giving rise to the claims occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

***Background of Student's Disabilities, Treatment, and Education***

14.     Student has been diagnosed with and, since 2019, living with various mental health issues and disabilities including Generalized Anxiety Disorder, Obsessive Compulsive Disorder, ADHD, Depression, and Post Traumatic Stress Disorder.

15.     From November, 2019 through February, 2020, Student received treatment at Rogers Memorial Hospital Obsessive Compulsive Anxiety Residential Treatment program in Wisconsin ("Rogers").

16.     During her time at Rogers, Student began to also manifest an eating disorder and as a result, from July through September, 2020, she attended a Partial Hospitalization Program at the Princeton Center for Eating Disorders.

17.     The Board determined that Student was classified as Eligible for the provision of special education and related services within the meaning of the IDEA (20 U.S.C. §1415, *et seq.*) and New Jersey Administrative Code (NJAC §6A:14-1-1, et seq.).  For Ninth-Grade (2020-2021) and Tenth-Grade (2021-2022), she attended schools within the District (FRHSD) at times.

18.     In New Jersey, a school year begins on July 1 and ends the following June 30th.  As such, all twelve (12) calendar months are included in a New Jersey school year.

19.     At the outset of Student's Ninth Grade school year (2020-2021), her disabilities, diagnoses and conditions rendered her unable to return to school in the District (FRHSD), and returned to Rogers from September, 2020 through January, 2021, and participated in several

programs there, including those to address eating disorders.   Upon discharge, Student received outpatient treatment at Rogers through February, 2021.

20.     For Tenth Grade (2021-2022), Student started at Marlboro High School in Marlboro, New Jersey with an individualized education program ("IEP") in place prescribing social skills peer support through the District's Regional Assistance Program ("RAP").

21.     The RAP was inadequate to meet Student's needs, and her case manager recommended the Regional Learning Academy ("RLA") located at Manalapan High School in Manapalan Township, New Jersey, which is a behavioral disabilities program to assist students with anxiety and school refusal, among other things.  However, RLA was similarly inadequate because, as the IEP noted, her anxiety impeded her progress and interfered with learning despite her being a "very high achieving" student, and could not attend school regularly and consistently.

22.     Defendant's attempts to provide Student with therapeutic intervention in school, first through its RAP program and later through its RLA program, failed.

23.     Student was then placed in a Partial Hospitalization Program at High Focus Treatment Center in Freehold, New Jersey for outpatient behavioral health treatment, the short duration of which was inadequate for her needs despite the therapeutic intervention offered.

24.     From December, 2021 through March, 2022, Student attended Newport Academy in Bethlehem, Connecticut ("Newport"), a residential teen mental health treatment facility.

25.     Insofar as Student's disabilities continued to impede her ability to attend school at Newport, upon conclusion of the Newport program in April, 2022, she was placed at Sunrise Residential Treatment Center in Washington, Utah ("Sunrise") upon the strong advisement of her treating and evaluating professionals.  Said professionals determined it was necessary for Student to attend a therapeutic residential school to prevent regression in her emotional functioning.

Sunrise, with its combined academic/therapeutic program, did in fact facilitate Student's educational capacity by putting conditions in place to ensure regular attendance without being emotionally overwhelmed.

26.     It was only upon Student's placement at Sunrise that she was provided with the degree of therapeutic intervention and support necessary to facilitate her progress and reduce her manifestations of the disabilities and diagnoses that impeded her attendance, and thus made it possible for her to resume and reengage her in substantive education.

27.     Student attended Sunrise from July, 2022 through March, 2023 for her Eleventh-Grade school year.

### *The Settlement Agreement and Subsequent Attendance at Marvelwood*

28.     Despite the clear progress and effectiveness at Sunrise for Student, the District refused to adopt this placement through her IEP.

29.     Parents, on behalf of the minor Student, filed a due process complaint with the OSE, entitled *D.F. and D.F. o/b/o S.F. v. Freehold Regional High School District Board of Education, New Jersey Office of Administrative Law, Docket No. EDS-05376-22, Agency Ref. 2022-34408* which among other things, sought continued placement in a residential therapeutic educational program paid for by the District, and which could sufficiently address Student's disabilities and special education needs.

30.     On or about December 21, 2022, Plaintiffs and the Board entered into the Settlement Agreement (*see* **Exhibit A**) for the stated purpose of arriving at an "amicable resolution regarding [Student's] educational program and placement".

31.     The Settlement Agreement, at §1, states in relevant part as follows:

> 1.   The Parties agree that the Board will partly reimburse Parents for payment of tuition and related services to Sunrise, or another approved or accredited out-of-

district educational program as well as transportation/travel expenses, and, evaluations, in annual amounts not to exceed the following, upon appropriate proofs demonstrating continued payments, continued residency, and school attendance. For the 2022-2023 [school year], the Board will pay up to $117,500 … and for the 2023-2024 school year, the Board will pay up to $117,500. The parties acknowledge and agree that the Board's contribution is premised upon S.F. receiving special education and related services at Sunrise or another approved or accredited out-of-district educational program, and the Board shall not make contributions under this agreement in the event S.F. is not receiving special education or related services.

32.     The Settlement Agreement, at §5, contains the Board's acknowledgement of its "responsibility towards S.F. will be the implementation of this Agreement".

33.     The Settlement Agreement, at §6, explicitly states that "[n]othing in this release set forth in this paragraph shall be construed as a release of waiver of any claims between the Parties seeking to enforce any term or provision of this Agreement".

34.     The Settlement Agreement, at §10, states that "[i]f either Party is compelled to take action to enforce this agreement it may recover attorneys' fees and costs against the other party.

35.     Insofar as the Defendant Board has willfully and intentionally disregarded its obligations under the Settlement Agreement including, but not limited to, its steadfast and repeated refusal to comply with its reimbursement obligations, Plaintiffs have been compelled to take action to enforce the Settlement Agreement.

36.     The Settlement Agreement was accepted by the Administrative Law Judge on February 2, 2023.

37.     Despite Student's improvement at Sunrise, she still required specialized schooling.

38.     In approximately the beginning of April, 2023, and in accordance with the Settlement Agreement, Student began attending the Marvelwood School in Kent, Connecticut ("Marvelwood"). At Marvelwood, Student incrementally progressed to a less intensive residential

school closer to home while still receiving requisite support structures in place for her disabilities and specialized needs.  As such, she could and did apply skills she had learned at Sunrise.

39.     Marvelwood is an approved or accredited out-of-district educational program which provides special education and/or related services to Student, and supports her IEP needs.

40.     At Marvelwood, Student is receiving instruction specially designed to meet her unique needs, and is receiving special education and/or related services for emotional regulation impairment.   She continues to receive therapeutic intervention to help her attend school.

41.     At Marvelwood, Student participates in a daily 1:1 Strategies class to address the executive functioning deficits which arise from her ADHD, and which provides her with tailored individualized instruction with both her substantive schoolwork and also with regard to managing stress, anxiety, and her other disabilities.

42.     At Marvelwood, Student also receives regular counseling as part of her school program, which is critical to her mental health needs which have historically adversely impacted her education and necessitated her need of the special education and/or related services she receives at Marvelwood, and which the District's IEP has confirmed.

***Plaintiff's Expenses and The Board's Refusal to Pay***

43.     Student was at Sunrise for the 2022-2023 school year.  Specifically, she was at Sunrise from July, 2022 through March, 2023.  Plaintiffs provided the Board with appropriate proofs of the foregoing, demonstrating continued payments, continued residency, and school attendance indicating having incurred and made payments equal to $161,862.00 which include, but were not limited to, the following: (a) Tuition: $120,193.00; (b) Transportation/Travel Expenses: $33,869.00; and, (c) Evaluations: $7,800.

44.     For a portion of the 2022-2023 school year, Student was at Marvelwood. Specifically, she was at Marvelwood from approximately the beginning of April, 2023, through May, 2023, which is approximately 150 miles from Plaintiffs' home.  Plaintiffs provided the Board with appropriate proofs of the foregoing, demonstrating continued payments, continued residency, and school attendance indicating having incurred and made payments equal to $26,510.00 which include, but were not limited to, the following: (a) Tuition: $25,277.00; and, (b) Transportation/Travel Expenses: $1,233.00.  Parents made three (3) round trips to Marvelwood.

45.     For the 2022-2023 school year, Plaintiffs submitted appropriate proofs to the Board demonstrating continued payments, continued residency, and school attendance of costs equal to $188,372.  The District reimbursed Parents only $82,250.00 despite the Agreement requiring the Board to pay an annual amount of up to $117,500.00 for payment of tuition and related services, as well as transportation/travel expenses and evaluations.

46.     Despite the Agreement's explicit requirement that the Board will pay *annual amounts* not exceed $117,500, Defendant unilaterally, deliberately, and erroneously amortized the $117,500 requirement to only ten (10) months, contrary to the Agreement's requirement of an "annual amount".   Defendant then took the improperly amortized monthly amount of $11,750.00 and made a similar unilateral, deliberate, and erroneous determination to only reimburse for (7) months (arriving at $82,250.00), contrary to the Agreement's requirement to pay annual amount(s). (*See* Settlement Agreement, §1).   These improper actions by Defendant are indicative of their intentional breach of the Settlement Agreement since said Defendant has actual knowledge that in New Jersey, a school year begins on July 1 and runs through June 30 of the following year. As such, all twelve (12) months in a calendar year are part of a New Jersey school year.

47.     Defendant has steadfastly and continuously refused to pay Plaintiffs the remaining $35,250.00 due under the Agreement for the 2022-2023, deliberately causing Plaintiffs to sustain damages in at least that amount and which damages continue to increase.

48.     Student was, and is, at Marvelwood for the 2023-2024 school year, which runs through the end of May, 2024.  Plaintiffs have provided the Board, as current, with appropriate proofs demonstrating continued payments, continued residency, and school attendance.  Plaintiffs have and will incur for this school year payments equal to amounts which thus far equal $94,955.00 and include, but are not limited to, the following: (a) Tuition: $84,155.00; and, (b) Transportation/Travel Expenses of approximately $3,000.00; and, (c) Evaluations: $7,800.

49.     For the 2023-2024 school year, Plaintiffs submitted appropriate proofs to the Board demonstrating continued payments, continued residency, and school attendance, and that their payments to date equal to $52,739.00.  Said Defendant has not reimbursed Plaintiffs any amounts whatsoever to date, and has steadfastly and continuously refused to pay amounts due under the Agreement for the 2023-2024 school year, deliberately causing Plaintiffs to sustain damages in at least that amount and which damages continue to increase.

50.     Plaintiffs have fully exhausted their administrative remedies.  On March 31, 2023, OSE denied Plaintiffs' request for enforcement of the Settlement Agreement due to Defendant's refusal to comply with its obligations, and stated as follows (in relevant part):

> In accordance with N.J.A.C. 6A:14-2.7(t), please be advised that an enforcement may only be sought through the Office of Special Education (OSE) regarding implementation of a hearing decision of the Office of Administrative Law (OAL) with respect to a student's program or services. This request ... solely seeks reimbursement to the Parents for payment of tuition and related services. Therefore, the OSE will take no further action regarding your request.  You may seek enforcement of the OAL decision in a court of appropriate jurisdiction.

**Exhibit B**.

10

## COUNT I
### Declaratory Judgment

51.     Plaintiffs incorporate by reference Paragraphs 1 through 50 of this Complaint, inclusive, as if fully set forth herein.

52.     At all relevant times there was in full force and effect a statute commonly known as The Declaratory Judgment Act, at 28 U.S.C. § 2201, *et seq.* (the "Act") which grants the Court, in cases of actual controversy such as this one, the power to issue judgments declaring the rights and other legal relations of any interested party, whether or not further relief is or could be sought.

53.     Certain disputes have arisen between Plaintiffs and Defendant, arising out of and relating to the Settlement Agreement and, specifically, Defendant's payment obligation thereunder, which include:

(a) Whether Defendant has breached its payment obligations under the Settlement Agreement;

(b) Whether Defendant may, despite its payment obligations under Section 1 of the Agreement, refuse to make such payments based on its own subjective interpretations, and whether those subjective interpretations run afoul of as prescribed or not;

(c) Whether Student is receiving special education and related services at Marvelwood in accordance with state and federal law definitions, and whether Defendant may unilaterally assert its own subjective legal interpretation or definition of "special education";

(d) Whether the Settlement Agreement obligates Defendant to pay the remaining portions of tuition, related services, transportation and travel expenses, and for evaluations up to $117,500 for the 2022-2023 school year that it has refused to pay thus far;

(e) Whether the Settlement Agreement obligates Defendant to pay the remaining portions of tuition, related services, transportation and travel expenses, and for evaluations up to $117,500 for the 2023-2024 school year that it has refused to pay thus far;

(f) Whether Defendant's refusal to pay the sums prescribed in the Settlement Agreement violates the IDEA;

11

(g) Whether Defendant's refusal to pay the sums prescribed in the Settlement Agreement violates the NJAC; and,

(h) Whether Defendant's refusal to pay the sums described constitutes prohibited discrimination pursuant to the ADA.

54.    Defendant has already refused to pay Plaintiffs, and continues to refuse to pay Plaintiffs the payments prescribed under the Settlement Agreement despite Plaintiffs' provision of appropriate proofs on multiple occasions, and has evidenced its intent to continue disregard of the payment obligations prescribed in the Settlement Agreement.

55.    An actual controversy has arisen and continues to exist regarding Defendant's refusal to make payments to Plaintiffs as obligated under the Settlement Agreement.

56.    A bona fide dispute exists, and there is a need for a declaration by this Honorable Court pursuant to the Act, and Plaintiff desires a judicial determination declaring that:

(a) Defendant has breached its payment obligations under the Settlement Agreement;

(b) Defendant may not apply its own unilateral and subjective determination that it is not bound by Section 1 of the Agreement to pay Plaintiff up to $117,500 for both the 2022-2023 and 2023-2024 school years and disregard its payment obligations, and that Defendant is obligated to pay Plaintiff the remaining annual portions of tuition, related services, transportation/travel expenses, and evaluations up to $117,500 for the 2022-2023 and 2023-2024 school year(s) that it has refused to pay thus far;

(c) That Defendant may not alter the definition and requirement that it make "annual" payments to something less than a full year based on arbitrary and improper amortizations or prorations;

(d) Defendant may not apply its own unilateral and subjective definition of "special education" to refuse its payment obligations under Section 1 of the Agreement, and that it has done so in direct contradiction to the proofs provided, and the definition of "special education" set forth in the IDEA and NJAC;

(e) That Student is receiving special education and related services at Marvelwood consistent with both the IDEA and NJAC;

12

(f)  That Defendant's refusal to make payments as prescribed by the Settlement Agreement violates the IDEA;

(g)  That Defendant's refusal to make payments as prescribed by the Settlement Agreement violates the NJAC; and,

(h)  That Defendant's refusal to make payments as prescribed by the Settlement Agreement constitutes discrimination and violates the ADA.

57.    There is a justiciable controversy between Plaintiffs and Defendant as to the issues detailed herein.

58.    A judicial declaration is necessary and appropriate at this time under the circumstances so that the parties to this action may ascertain their rights and duties under the Settlement Agreement, and federal and state statutes.

59.    Given Defendant's communications and actions concerning refusal to pay the amounts prescribed by the Settlement Agreement, the facts have sufficiently crystallized to permit an intelligent and useful decision to be made, and the issues are fit for a judicial determination.

## <u>COUNT II</u>
### Breach of Contract

60.    Plaintiffs incorporate by reference Paragraphs 1 through 59 of this Complaint, inclusive, as if fully set forth herein.

61.    The Settlement Agreement is an enforceable contract between Plaintiffs and Defendant.

62.    Pursuant to the Settlement Agreement, Defendant has a duty to:

… reimburse Parents for payment of tuition and related services to Sunrise, or another approved or accredited out-of-district educational program as well as transportation/travel expenses, and, evaluations, in annual amounts not to exceed the following, upon appropriate proofs demonstrating continued payments, continued residency, and school attendance.  For the 2022-2023 [school year], the Board will pay up to $117,500 … and for the 2023-2024 school year, the Board will pay up to $117,500.

13

63.     Plaintiffs have fully performed their obligations under the Settlement Agreement.

64.     That by refusing to pay Plaintiffs the amounts that it is explicitly obligated to pay under the Settlement Agreement, Defendant has breached the Settlement Agreement.

65.     That by refusing to pay Plaintiffs the amounts that it is explicitly obligated to pay under the Settlement Agreement, Defendant has willfully breached the Settlement Agreement.

66.     That as a result of Defendant's breach of the Settlement Agreeent, Plaintiffs have been damaged in the amount of $84,989.00, and additional damages continue to accrue.

<u>**COUNT III**</u>
**Breach Of The Implied Covenant of Good Faith and Fair Dealing**

67.     Plaintiffs incorporate by reference Paragraphs 1 through 66 of this Complaint, inclusive, as if fully set forth herein.

68.     As set forth in the Restatement (Second) of Contract, "every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement."  Rest. (2d) Contracts, § 205 (1981).

69.     New Jersey state law imposes a duty of good faith and fair dealing on every party to a contract and as an integral part of the enforceability of any contract.

70.     Specifically, Defendant is contractually bound by their covenant to not do anything that has the effect of destroying or injuring the rights of Plaintiffs to receive the benefits of the Settlement Agreement.

71.     In addition to and not duplicative of its enumerated and explicit rights as set forth in the Settlement Agreement, Plaintiffs had and have rights to receive the fruits of its agreement free from the bad faith interference of Defendant who willfully attempted to, and did, injure and destroy those rights and continue to injure and destroy those rights.

72.     In addition to and not duplicative of its enumerated and explicit rights as set forth in the Settlement Agreement, Defendant had and has a duty to refrain from bad faith acts and omissions having the effect of, and which did and continue to injure and destroy Plaintiffs' rights.

73.     Had Defendant acted in good faith, Plaintiffs would not have been deprived of the funds payable from Defendants, as agreed to, for the education expenses of Student nor been damaged.

74.     As such, Defendant has in bad faith injured, and continues to injure, Plaintiffs' rights and abilities to receive the fruits of the Settlement Agreement.

75.      Had Defendant acted in good faith, Plaintiffs would have been able, and would now be able, to enjoy their bargained for rights under the Settlement Agreement.  Instead, however, Plaintiffs have sustained and continue to sustain damage as a direct and proximate result of the bad faith acts and omissions of Defendant, which destroyed Plaintiffs right to receive the benefit of said agreement.

76.     By reason of the foregoing, Plaintiffs have sustained and continue to sustain damages in an amount to be determined at trial, plus applicable interest, costs, and such other relief as the Court may deem just and proper.

### COUNT IV
### Violation of the Americans With Disabilities Act—Discrimination

77.     Plaintiffs incorporate by reference Paragraphs 1 through 76 of this Complaint, inclusive, as if fully set forth herein.

78.     At all relevant times there was in full force and effect a statute commonly known as the ADA (as defined hereinabove), at 42 U.S.C. §§12101, *et seq*.

79.     That Student is a "qualified individual with a disability" pursuant to the ADA, at 42 U.S.C. §12131(2), and she meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

80.     That Defendant is a "public entity" pursuant to the ADA, at 42 U.S.C. §12131(1), as it is a department, agency, special purpose district, or other instrumentality of the State of New Jersey or local government.

81.     That at all relevant times there was in full force and effect a section of the ADA, at 42 U.S.C. §12132 titled "Discrimination" and which states as follows:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. §12132.

82.     That at all relevant times there was in full force and effect a section of the ADA, at 42 U.S.C. §12133 titled "Enforcement" and which states as follows:

> The remedies, procedures, and rights set forth in section 794a of title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title.

42 U.S.C. §12133.

83.     Pursuant to 29 U.S.C. §794(a), as referenced by §12133 of the ADA, Plaintiffs are entitled to remedies which include, but are not limited to, reasonable attorneys' fees and costs for enforcing or charging a violation of the ADA, should it be the prevailing party.

84.     That Defendant has received, and otherwise possesses, voluminous proofs demonstrating that Student is a qualified person with a disability, and has actual knowledge of same.

85.     That Defendant, as a public entity, has willfully denied Student, who is a qualified individual with disabilities of which Defendant is fully aware, the benefit of its services, programs, and/or activities, and subjected her to discrimination by reason of her disability.

86.     By reason of the foregoing, Student and Plaintiffs have sustained and continue to sustain damages in an amount to be determined at trial, plus applicable interest, costs, reasonable attorneys' fees, and such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, D.F. and D.F., on behalf of S.F., respectfully request the following relief:

A.  A declaration, pursuant to 28 U.S.C. § 2201, *et seq*., that Defendant has breached the explicit terms of the Settlement Agreement by refusing to pay the sums prescribed therein and to pay the Plaintiffs any and all amounts not paid as prescribed by said Agreement;

B.  A declaration, pursuant to 28 U.S.C. § 2201, et seq., that Defendant has breached its implied covenant of good faith and fair dealing by refusing to pay the sums prescribed by the Settlement Agreement;

C.  A declaration, pursuant to 28 U.S.C. § 2201, *et seq*., that Defendant has violated the Individuals with Disabilities Education Act, 20 U.S.C. §1401, et. seq. and 34 C.F.R. §300.39 by disregarded and unilaterally distorting the definition of "special education";

D.  A declaration that Defendant has violated the New Jersey Administrative Code, §§6A:14-1.1, *et seq*.;

E.  A declaration that Defendant has discriminated against the subject Student, by reason of her disabilities, in violation of the Americans With Disabilities Act,  42 U.S.C. §§12101, *et seq*.;

17

F.   Award Plaintiffs damages in an amount to be determined at trial, of no less than $130,205.00, and any additional damages which continue to accrue;

G.   Award Plaintiffs reasonable attorneys' fees and costs as prescribed under the Settlement Agreement;

H.   Award Plaintiffs any and all statutory damages, and also reasonable attorneys' fees and costs, as prescribed under the Americans with Disabilities Act; and

I.   Award Plaintiffs any other relief which this Honorable Court deems just and proper.


Dated:          January 23, 2024                    Respectfully submitted,
                                                    **MARKS & KLEIN, LLC**


                                                    */s/ Justin M. Klein*
                                                    Justin M. Klein, Esq.,
                                                       NJ Bar No. 03631-2003
                                                    Mark I. Fishbein, Esq. NJ PHV 039903
                                                       (*pro hac vice forthcoming*)
                                                    MARKS & KLEIN, LLC
                                                    331 Newman Springs Road
                                                    Bldg. 1, 4th Fl., Suite 143
                                                    Red Bank, New Jersey  07701
                                                    T: (732) 747-7100
                                                    F: (732) 784-2850
                                                    *Attorneys for Plaintiffs*

EXHIBIT A

COMEGNO LAW GROUP, P.C.
521 Pleasant Valley Avenue
Moorestown, New Jersey 08057
(856) 234-4114
(856) 234-4262 Fax

Counsel for Respondent, Freehold Regional
High School District Board of Education

BY:   JOHN B. COMEGNO II, ESQUIRE
      CURTIS D'COSTA, ESQUIRE

---

| | |
|---|---|
| D.F. and D.F. o/b/o S.F.<br><br>    Petitioners,<br><br>v.<br><br>FREEHOLD REGIONAL HIGH<br>SCHOOL DISTRICT BOARD OF<br>EDUCATION,<br><br>    Respondent. | STATE OF NEW JERSEY<br>OFFICE OF ADMINISTRATIVE LAW<br><br>OAL DOCKET NO: EDS-05376-22<br><br>AGENCY REF:  2022-34408<br><br><br>**SETTLEMENT AGREEMENT<br>AND GENERAL RELEASE** |

---

This Settlement Agreement and General Release ("Agreement") is entered into by and between the Respondent, Freehold Regional High School District Board of Education ("Board" or "District"), located at 11 Pine Street, Englishtown, New Jersey, 07726, and Petitioners, D.F., Father of S.F., and D.F., Mother of S.F., on behalf of their minor child, S.F. ("Petitioners" or "Parents"), who reside in  Marlboro, New Jersey 07746 (The Board and Parents collectively referred to as the "Parties"). This Agreement is being entered into by the Parties to resolve and settle all outstanding issues between the Parties as follows:

**WHEREAS**, S.F. is a sixteen (16) year old (DOB: 07/26/2006) student classified as Eligible for the provision of Special Education and Related Services under 20 U.S.C. §1415 *et seq.* and N.J.A.C. § 6A:14-1.1, *et seq*,; and

**WHEREAS**, the Board is the local educational agency with the responsibility of providing a Free Appropriate Public Education ("FAPE") to S.F.; and

**WHEREAS**, Parents unilaterally placed S.F. at the out-of-state residential program Sunrise Academy located at 3611 S. Camino Real, Washington, Utah 84780, (henceforth, "Sunrise") in May 2022; and

**WHEREAS**, the Parties, without alleging or admitting deficiencies in the special education and related services provided or made available to S.F. by the Board, are desirous of arriving at an amicable resolution regarding S.F.'s educational program and placement; and

**WHEREAS**, in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties enter into this Agreement to outline their agreement, release claims, and express the full and complete terms of same.

**NOW, THEREFORE, THE PARTIES HEREBY AGREE THAT:**

1.    The Parties agree that the Board will partly reimburse Parents for payment of tuition and related services to Sunrise, or another approved or accredited out-of-district educational program as well as transportation/travel expenses, and, evaluations, in annual amounts not to exceed the following, upon appropriate proofs demonstrating continued payments, continued residency, and school attendance. For the 2022-2023, the Board will pay up to $117,500 (one hundred and seventeen thousand five hundred dollars), and for the 2023-2024 school year, the Board will pay up to $117,500 (one hundred and seventeen thousand five hundred dollars). The parties acknowledge and agree that the Board's contribution is premised upon S.F. receiving

2

Parent Initials:

D.F.        D.F.
Mother    Father

special education and related services at Sunrise or another approved or accredited out-of-district educational program, and the Board shall not make any contributions under this agreement in the event S.F. is not receiving special education or related services. Parents acknowledge that failure to provide the Board with the above proofs in a timely manner will result in the delay of the Board's payment. The first (1st) payment, again following the presentation of appropriate proofs, shall be made in January 2023, and thereafter made upon presentation of required documentation (see above).

2.  Beyond the payments herein, the Parties agree that the Board shall not be responsible for any other portion of S.F.'s educational program or related services (other than the amounts noted in the paragraphs above). The costs for any and all related services that are provided to S.F., as well as any other additional costs associated with S.F.'s enrollment and attendance at Sunrise or another approved or accredited out-of-district educational program (i.e., any books, application fees, field trip fees, enrollment fees, counseling, athletic or equipment fees, payment plan fees, special equipment, uniform or clothing, medication, physician or nursing services, and all other costs associated with any activities arising out of the provision of educational, special education and/or related services to S.F..), all shall be the full and sole responsibility of the Parents. To be clear, the Board's sole responsibilities regarding S.F. hereafter are the financial obligations herein.

3.  The Parents, individually, and on behalf of S.F., acknowledge that the Board has no control over the program offered at Sunrise or any other out-of-district program, the staff, or the provision of services at Sunrise or any other out-of-district program. Therefore, the Parents,

3

Parent Initials:

| D.F. | D.F. |
|------|------|
| Mother | Father |

individually and on behalf of S.F., hereby waive any claim which they have or may have as to the appropriateness of the placement, special education, or related services provided to S.F. at Sunrise or any other out-of-district placement, as well as any claims for any liability of any kind for any losses, including without limitation any personal injuries, damages, emotional distress, or property destruction suffered by S.F. while enrolled at Sunrise or any other out-of-district placement.

4.      The Parents, individually and on behalf of S.F., acknowledge that the Board has no control over the transportation selected and provided by the Parents to Sunrise and therefore waive any claim which they have or may have concerning any injuries sustained in connection with such transportation.

5.      In consideration of the above, Parents and S.F. specifically waive all claims and future special education and related services to be provided by the Board at any time, including without limit the preparation of any IEPs, case management, transportation, and evaluations. From this time forward, the Board's sole and final responsibility towards S.F. will be implementation of this Agreement. Parents and S.F. acknowledge and agree that S.F.'s eligibility for any services by the Board, other than those herein, will forever expire and terminate as of June 30, 2024. Parents hereby provide consent for the Board to access all of S.F.'s student records maintained by private providers including Sunrise and to speak with staff of private providers including Sunrise.

6.      Parents, individually and on behalf of S.F., and S.F., hereby forever and fully waive and release the Board from all claims that have accrued as of the date of this Agreement and hereafter which they have or may have against the Board in relation to the educational, special education, and/or related services provided and/or offered to S.F., including all legal, contractual,

4

Parent Initials:

D.F.            D.F.
Mother   Father

common law, statutory and/or equitable claims under state and/or federal law through the date of this Agreement and hereafter, including but not limited to claims for and/or under:

    a.  compensatory education;

    b.  attorneys and other professional fees;

    c.  reimbursement related to any unilateral and/or out-of-district placement, whether known or unknown;

    d.  N.J.A.C. § 6A:14-1.1, et seq.;

    e.  Individuals with Disabilities in Education Improvement Act, 20 U.S.C. §1415 et seq.;

    f.  Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §701, et seq.;

    g.  Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101;

    h.  Family Education Rights and Privacy Act, 20 U.S.C. §1232g, et seq.;

    i.  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, et seq.

    j.  The Rehabilitation Act of 1973, as amended, 20 U.S.C. §7801, et seq.;

    k.  29 U.S.C. §794(a);

    l.  42 U.S.C. §1983;

    m.  42 U.S.C. §1988; and

    n.  New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq.

    o.  New Jersey S905 and New Jersey S3434; and

    p.  New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq.

5

Parent Initials:

D.F.    D.F.
Mother  Father

Nothing in the release set forth in this paragraph shall be construed as a release or waiver of any claims between the Parties seeking to enforce any term or provision of this Agreement.

7.  Parents, individually and on behalf of S.F., agree to indemnify and hold harmless the Board, its current and former members, officers, directors, agents, servants, employees, successors, attorneys, assigns and affiliates, of and from any and all claims, liabilities, demands, causes of action, costs, expenses, attorneys' fees, damages, indemnities, and obligations of every kind and nature, in law, equity, or otherwise, known and unknown, suspected or unsuspected, disclosed or undisclosed, initiated by S.F., arising out of or in any way related to agreements, events, acts, omissions or conduct which relate in any way or are premised upon this Agreement and/or S.F.'s education and/or attendance at any unilateral parental or other placement(s), including but not limited to any and all such claims and demands directly or indirectly arising from or any way connected with the Board's obligation to provide S.F. with an appropriate education, claims pursuant to any federal, state or local laws or causes of action, claims pursuant to federal and state special educational laws including but not limited to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400, et seq., N.J.S.A. 18A:46-1, et seq., and N.J.A.C. 6A:14-1.1, et seq.

8.  Parents agree and waive any "stay-put" protection under federal or state law for S.F. at any out-of-district school under the terms of this agreement. Parent and S.F. agree that in the event of a subsequent dispute, the "stay-put" special education program for S.F. shall be in an in-district home instruction program.

6

Parent Initials:

_D.F._   _D.F._
D.F.   D.F.
Mother  Father

9.      Neither Party will be considered to be a "prevailing party" for any purpose, and each Party shall be responsible for their own attorneys' fees, expert costs and any other costs incurred in connection with this matter, except as provided herein.

10.     If either Party is compelled to take action to enforce this agreement it may recover attorneys' fees and costs against the other party.

11.     If at any time S.F. is no longer a resident of the Board's district, all the Board's obligations hereunder shall immediately cease. Parents agree to inform the Board of any changes of residency forthwith.

12.     Parties agree that the terms of this Agreement shall remain strictly confidential to the fullest extent permitted by law, and they shall not share or communicate the terms of same with any other individual, other than their counsel, financial professional and/or authorized representatives of an attended out of district school, unless enforcement of this Agreement is sought by either Party in a court of law.  In the event that a third party seeks to obtain a copy of this Agreement from the Board in relation to a separate lawsuit, Parties shall be given reasonable notice, and the Board shall strive to maintain its confidentiality.

13.     The Board makes no representations or warranties regarding the taxability of any portion of the settlement payments referenced above.  Parents understand and agree that an IRS Form 1099 will not be issued in connection with the settlement payments.  Parent and S.F. acknowledge that the Board is not paying or withholding taxes on the settlement payments set forth above.  Parents agree to assume full liability for any applicable state, federal, and/or local taxes that may be required by law to be paid with respect to any portion of this Settlement

7

Parent Initials:

_DF_   _DF_
**D.F.**    **D.F.**
**Mother**  **Father**

Agreement. Given the Board is not withholding any taxes from the settlement payments, in the event the Internal Revenue Service, the New Jersey Division of Revenue, and/or any taxing authority assess the Board with any taxes or penalties for failure to withhold any taxes from the settlement payments, Parents agree to indemnify, hold harmless, and be fully responsible for any such taxes or penalties arising from the failure to withhold taxes from the settlement payments.

14.    This Agreement is dispositive of all issues in dispute between the Parties and is intended to constitute a final resolution of the dispute between the Parties.

15.    Parties acknowledge that they have read and understand the terms of this Agreement, that they have had the opportunity to have the Agreement reviewed by counsel, that they are satisfied with the advice of their counsel, and that they are entering into this Agreement knowingly, freely, voluntarily, without coercion and not under the influence of anything or anyone.

16.    Parents agree and acknowledge that this Agreement is subject to approval by the Board during its next regularly scheduled January 5, 2023, meeting following the execution of this Agreement.

17.    This Agreement shall be interpreted, enforced, and governed under the laws of the State of New Jersey. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

18.    This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior written or oral and all contemporaneous oral agreements, understandings, and negotiations.

8

Parent Initials:

D.F.        D.F.
Mother   Father

19.    In the event that any provision or clause of this Agreement shall be held invalid or unenforceable by a court or tribunal of competent jurisdiction, the remaining provisions of this Agreement are deemed severable and shall remain in full force and effect to the fullest extent permitted by law, unless the Agreement, as so construed, would substantially frustrate the purposes of the Parties in entering into this Agreement.

20.    This Agreement may only be amended in writing by way of a document signed by all Parties and counsel.

**IN WITNESS WHEREOF**, the Parties hereto set their hands and seals as of the dates written below.

**PETITIONERS**

_____
**D.F., Mother of S.F., Individually and o/b/o S.F.**

_____
**D.F., Father of S.F., Individually and o/b/o S.F.**

Date: ___12/31/2022___

**FREEHOLD REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION**

_____
**President of the Board of Education**

Date: ___1/5/22___

9

Parent Initials:

___D.F.___    ___D.F.___
D.F.          D.F.
Mother        Father

# EXHIBIT B



PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

**State of New Jersey**
DEPARTMENT OF EDUCATION
PO Box 500
TRENTON, NJ 08625-0500

ANGELICA ALLEN-MCMILLAN, Ed.D.
*Acting Commissioner*

April 24, 2023

To:         Michael I. Inzelbuch, Esq.

From:       Ariadis R. Charles, Policy Coordinator
            Office of Special Education

Subject:    Request for Enforcement of a Decision Approving Settlement

OAL Docket # EDS 18845-13
Agency Reference # 2022-34408
Case Name: D.F. and D.F. o/b/o S.F. Vs. Freehold Regional Board of Education

The Office of Special Education (OSE) of the New Jersey Department of Education received the
above captioned request for enforcement on 3/21/2023. In your request you allege that the
Freehold Regional Board of Education failed to implement an Office of Administrative Law
(OAL) approved settlement.  You stated:

>    In accordance with Pages 2-3, Paragraph 1 of the Agreement attached to the Decision,
>    the District has failed to reimburse the parents herein for educational costs/expenses per
>    the Agreement. Specifically, the parents have, in fact, submitted all of the necessary
>    documents, including, approximately $142,000.00 worth of receipts and proofs and only
>    received approximately $58,000.00 for the 2022-2023 school year.  According to the
>    Agreement the Board was to reimburse the parents up to $117,500.00 for the 2022-2023
>    school year, thus, the parents have not received the remaining reimbursement of
>    $59,500.00.

In accordance with N.J.A.C. 6A:14-2.7(t), please be advised that an enforcement may only be
sought through the Office of Special Education (OSE) regarding implementation of a hearing
decision of the Office of Administrative Law (OAL) with respect to a student's program or
services.  This request does not seek enforcement with respect to the student's program or the
provision of services to the student. Rather, the enforcement request solely seeks
reimbursement to the Parents for payment of tuition and related services. Therefore, the OSE
will take no further action regarding your request.   You may seek enforcement of the OAL
decision in a court of appropriate jurisdiction.

Should you have any questions regarding this matter, you may contact Steven Pasternak at
973-766-9333.

Copy: Mr. Charles Sampson
      Dr. Jessica Howland
      Brittany Halpern, Esq.
      Mr. David Fisher
      Ms. Debra Fisher